**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                              **4:19-CR-00117-01-BRW
4:21-CV-00863-BRW**

**CHICO JAHONEY RUSSELL**

<u>**ORDER**</u>

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 (Doc. No. 317) is DENIED.

**I.      BACKGROUND**

On February 25, 2021, Petitioner pled guilty to conspiracy to distribute 1 to 3 kilograms

of heroin.[1]  That same day he was sentenced to 262 months in prison.[2]  He did not appeal his

conviction and sentence.

Petitioner requests habeas relief for the following reasons: (1) ineffective assistance of

counsel "on the plea deal and at sentencing"; (2) defective indictment and sentence; (3) the

Prosecution breached the plea deal; (3) incorrect drug amounts attributed to Petitioner; and (4)

unconstitutional waiver of proof.

**II.     DISCUSSION**

**A.      Ineffective Assistance**

To prevail on a claim of  ineffective assistance of counsel, Petitioner must first show that

his lawyer's performance fell below an objective standard of reasonableness.[3]  He must identify

---

[1]Doc. Nos. 268, 269.

[2]Doc. No. 273.

[3]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833
F.2d 758, 759 (8th Cir. 1987).

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[4]  Then, the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[5]  Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[6]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[7]  This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[8]

So, the test has two parts: (1) deficient performance, and (2) prejudice.  If Petitioner fails to establish either part of this test, I need not consider the remaining part of the test.

### 1.    Plea Agreement

Assuming there was deficient performance (there was not), Petitioner cannot establish prejudice.  "Where the conviction was entered on the basis of a guilty plea . . . the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[9]  However,

---

[4]*Strickland*, 466 U.S. at 690.

[5]*Id.*

[6]*Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[7]*Strickland*, 466 U.S. at 694.

[8]*Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[9]*Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Petitioner has not alleged and cannot establish this point.  In fact, the petition sets out a contrary position: "Petitioner DO[ES] NOT want/wish to withdraw his plea deal."[10]  Petitioner simply wants the Prosecution to prove the weight of the drugs involved in the conspiracy.  There is no need, since he already admitted that 1 to 3 kilograms were involved.  Petitioner cannot pick and choose which parts of the plea agreement should be enforced.  In return for Petitioner admitting that he was part of a conspiracy that involved 1 to 3 kilograms of heroin, the Prosecution did not file a § 851 notice (which would have resulted in Petitioner facing a minimum of 25 years on Count 1) and dismissed the other charges, one of which included a mandatory consecutive 5 years on top of the minimum 25 years.  The fact remains, Petitioner negotiated a plea to avoid a mandatory minimum of 30 years, and did, in fact, avoid this minimum – he just did not get the sentence he wanted.

Petitioner asserts that his lawyer failed to protect him "from receiving over a decade 'more' prison time by recommending that he plead guilty to avoid a life sentence."[11]  This claim is not supported by the record.  In fact, Petitioner's lawyer's strategy resulted in him avoiding a minimum of 30 years in prison.

## 2.    Defective Indictment and Sentence

Petitioner alleges that his lawyer was ineffective because Petitioner is serving a "jurisdictional defective sentence."[12]  He asserts that "exact weights of the drugs must be on the face of the indictment and exact weights pled out to on a plea deal."[13]  This argument is without

---

[10]Doc. No. 318 (emphasis in original).

[11]Doc. No. 317.

[12]*Id*.

[13]Doc. No. 318.

merit.  The indictment need only specify the amount of drugs involved that would support the maximum sentence under the statute, which it does.[14] There is no error here and Petitioner's lawyer was not be ineffective for failing to raise this issue.

### B.     Drug Amounts

To the extent that Petitioner is arguing that he is responsible for only 150 grams, that is rebutted by the record.  First, this argument was waived by the plea agreement.[15]  Second, Petitioner already admitted he was responsible for 1 to 3 kilograms at the hearing.  At no point in the hearing did he argue to the contrary.  Third, "[w]hen calculating drug quantity in the context of a narcotics trafficking conspiracy, the sentencing court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy."[16] Here, the Presentence Report directly ties Petitioner to over 2 kilograms of heroin.  Notably, Petitioner did not object to this information and it is supported by surveillance, arrests, admissions of co-conspirators, controlled buys, and wire taps.

---

[14]*United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002) (holding that "the indictment need not allege an exact drug quantity but must merely set forth ranges of quantities relevant to the varying statutory maximums.").

[15]If this is an ineffective assistance claim, it would not have been waived by the plea agreement.  However, there is neither deficient performance nor prejudice.

[16]*United States v. Plancarte-Vazquez*, 450 F.3d 848, 852 (8th Cir. 2006).

### C.     Waiver of Drug Amounts

Petitioner contends that he cannot legally agree to waive his right to have the Prosecution

prove the amount of drugs involved in an offense.  This claim is unsupported by law.[17]

### CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 317) is DENIED.

IT IS SO ORDERED this 30th day of September, 2021.

<u>Billy Roy Wilson                     </u>
UNITED STATES DISTRICT JUDGE

---

[17]*Blakely v. Washington*, 542 U.S. 296, 310 (2004) (holding that "nothing prevents a defendant from waiving his *Apprendi* rights.").